[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10317

_____

Agency No. A073-926-683

NORMA N. SERRANO-MOLINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 26, 2017)

Before TJOFLAT and JULIE CARNES, Circuit Judges, and CONWAY,* District
Judge.

_____

* Honorable Anne C. Conway, United States District Judge for the Middle District of
Florida, sitting by designation.

TJOFLAT, Circuit Judge:

Norma Serrano-Molina petitions this Court to vacate a Final Administrative Removal Order ("FARO") issued by the Department of Homeland Security ("DHS").[1]  She raises two arguments.  First, she claims DHS erred in classifying her 1999 assault conviction as an aggravated felony that qualified her for expedited removal under 8 U.S.C. § 1228.  Second, she claims that her Fifth Amendment due process rights were violated when the FARO was issued one day after she received notice of DHS's intent to remove her from the United States.

This Court lacks jurisdiction to address Serrano-Molina's first argument because she did not "exhaust[] all administrative remedies available to [her] as of right."  8 U.S.C. § 1252(d)(1).  Serrano-Molina's second argument fails because she has not demonstrated that an error deprived her of liberty without due process of law and that the error caused her substantial prejudice.  We therefore dismiss her petition as to her first claim and deny it as to her second.

I.

Serrano-Molina, a native and citizen of Guatemala, entered the United States without inspection in 1989.  In 1999, she pleaded *nolo contendere* to an assault

---

[1] Serrano-Molina also petitions this Court to vacate the Immigration Court's order in her reasonable fear withholding-of-removal proceeding.  But she presents no arguments relating to that proceeding.  Because all of Serrano-Molina's arguments are directed toward the FARO, we discuss it alone.

charge in Los Angeles Superior Court in California. She received a one-year jail sentence and three years of probation.

On March 18, 2013, Serrano-Molina was arrested in Georgia for driving a motor vehicle without a license. On March 19, she was served with a Notice of Intent to Issue a FARO ("NOI") after DHS determined that she qualified for expedited removal under 8 U.S.C. § 1228 due to her status as an alien and her California assault conviction. The NOI provided options for Serrano-Molina to contest her removal or to admit her deportability. The NOI also indicated that she "must respond to the above charges in writing" within ten days. She refused to select either option, refused to sign the NOI to indicate receipt, and did not respond to the charges in writing. The next day, March 20, Serrano-Molina was served with the FARO.

There is no indication that Serrano-Molina challenged the FARO at any point prior to this petition, other than to express (at some unknown time) that she feared she would be persecuted if she were returned to Guatemala. The Immigration Court held reasonable fear withholding-of-removal proceedings, and on December 30, 2014, an immigration judge found that Serrano-Molina had not established a reasonable probability that she would be persecuted in Guatemala. She was removed from the United States in 2015.

## II.

We review our subject matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We also review constitutional and legal determinations *de novo*. *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1172 (11th Cir. 2012).

## III.

This Court lacks subject matter jurisdiction to consider Serrano-Molina's first argument because she failed to "exhaust[] all administrative remedies available to [her] as of right." 8 U.S.C. § 1252(d)(1). Serrano-Molina was served with the NOI on March 19, 2013. From that date, she had ten days to file a response to "rebut[] the allegations," "request[] the opportunity to review the Government's evidence," or "request in writing an extension of time for response." 8 C.F.R. § 238.1(c). She did not file a response.[2]

The NOI also included an opportunity for Serrano-Molina to "Contest and/or Request Withholding of Removal" by checking a box on the form she was provided. Had she contested her removal, she would have been entitled to

---

[2] Serrano-Molina argues that her administrative remedies were effectively exhausted once she was served with the FARO the day after receiving the NOI. We do not answer the question of how to treat a petitioner who was served with a FARO within the ten-day NOI response window *and actually responded to the NOI within ten days*, because that is not what Serrano-Molina did. Instead, she did not respond to the NOI whatsoever within the ten-day period or make any attempt to contest her removability on either factual or legal grounds (other than her reasonable fear proceeding) until this petition. She cannot then claim to have exhausted her available remedies under § 1252(d)(1).

4

proceedings that included "a reasonable opportunity to inspect the evidence and rebut the charges" and "a record . . . maintained for judicial review."  8 U.S.C. § 1228(b)(4).  She did not contest her removal on the NOI form.

Serrano-Molina's failure to raise her first claim through any administrative avenue is fatal.  This Court has held that "we lack jurisdiction to consider claims that have not been raised" before the Bureau of Immigration Appeals ("BIA") under § 1252(d)(1).  *Sundar v. Immigration & Naturalization Serv.*, 328 F.3d 1320, 1323 (11th Cir. 2003).  Here, Serrano-Molina's silence in the ten-day response period and on the NOI form is as much of a failure to exhaust her available remedies as is the failure to raise a claim before the BIA.  In both cases, this Court cannot entertain a claim presented in the first instance because § 1252(d)(1) has stripped it of jurisdiction.  Because we lack subject matter jurisdiction to entertain this claim, we dismiss it.

## IV.

Serrano-Molina's claim that her Fifth Amendment due process rights were violated fails.  It is "well established" that petitioners in removal proceedings are entitled to Fifth Amendment due process rights.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).  At its core, due process requires "notice and an opportunity to be heard."  *Fernandez-Bernal v. Att'y Gen. of U.S.*, 257 F.3d 1304, 1310 n.8 (11th Cir. 2001).  For an alien to establish a due process violation, she

must show that she was "deprived of liberty without due process of law and that the purported errors caused her substantial prejudice." *Lapaix*, 605 F.3d at 1143. "Substantial prejudice" requires a showing that "the outcome of the proceeding *would have been different*" in the absence of the alleged violations. *Id.* (emphasis added).

Serrano-Molina claims that her due process rights were violated when DHS served her with the FARO one day after serving the NOI, rather than waiting to issue the FARO until the ten-day NOI response period expired. Assuming *arguendo* that this is correct,[3] Serrano-Molina has not made a showing of substantial prejudice. She has not shown that the outcome of her proceeding "would have been different" had DHS simply waited nine more days to issue the FARO. She did not claim, for example, that she planned to challenge the NOI but believed the FARO precluded her response, nor has she persuasively argued that a challenge to the NOI in March 2013 would have changed the outcome of her proceeding. Since the burden of showing substantial prejudice falls on Serrano-Molina, and she has not demonstrated that the outcome of her removal might have

---

[3] It is far from certain that this would be the case, were we to reach the question. Serrano-Molina did have the opportunity to be heard before an immigration judge in her reasonable fear withholding-of-removal proceeding. The issuance of a FARO during the ten-day NOI response period does not appear on first glance to constitute a *per se* due process violation. *See* 8 C.F.R. § 238.1(d)(1) (allowing a FARO to be issued "if the alien concedes deportability" without explicitly requiring such concession in the form of a written NOI response). Only because it is abundantly clear that Serrano-Molina cannot make a showing of substantial prejudice do we choose not to address the first part of this two-part due process framework.

been different—let alone *would* have been different—she has failed to prove a due process violation.  Accordingly, we deny this claim.

V.

The petition before the Court fails to demonstrate any actionable basis for relief.  Serrano-Molina's claim that DHS erred in classifying her 1999 assault conviction as an aggravated felony is beyond our jurisdiction and is therefore dismissed.  Her Fifth Amendment due process claim fails because she has not shown that an error deprived her of liberty without due process of law and that the error caused her substantial prejudice.  Accordingly, we deny Serrano-Molina's petition to vacate DHS's FARO and the Immigration Court's reasonable fear withholding-of-removal order on that ground.

**PETITION DENIED IN PART, DISMISSED IN PART.**